# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|  |  |
|---|---|
| ROY A. TOWNS, | ) |
| Plaintiff, | ) |
|  | ) No. 17-2603 |
| v. | ) |
| TENNESSEE DEPARTMENT OF AGRICULTURE, | ) |
| Defendant. | ) |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation (the "Report"), dated February 21, 2019. (ECF No. 52.) The Report recommends granting Defendant Tennessee Department of Agriculture's ("TDA's") December 12, 2018 Motion for Summary Judgment. (ECF Nos. 42, 43.) Plaintiff Roy A. Towns filed an objection to the Report on March 8, 2019. (ECF No. 53.) TDA responded to Towns's objection on March 13, 2019.

For the following reasons, Towns's objection is OVERRULED. The Magistrate Judge's order is ADOPTED. TDA's Motion for Summary Judgment is GRANTED.[1]

---

[1] Because the Court grants TDA's Motion for Summary Judgment, it need not address TDA's March 27, 2018 Motion to Dismiss for Failure to State a Claim. That Motion is DENIED AS MOOT.

## I. Background

Towns does not object to the Magistrate Judge's findings of fact. Those findings are adopted. See Thomas v. Arn, 474 U.S. 140, 150 (1985). The following is a summary of the findings that are relevant to Towns's objections.

Towns worked for the Shelby County Health Department as an environmentalist in its Environmental Health and Food Safety Division. (Report, ECF No. 52 at 452.) Towns has never worked for TDA. (Id.; Towns Dep., ECF No. 44-2 at 356.) Shelby County has a contract with TDA "to assist in conducting retail food inspections under the Tennessee Retail Food Safety Act," and Towns was one of the environmentalists charged with conducting inspections. (See ECF No. 52 at 452-53.) The TDA-Shelby County contract requires Shelby County to "conduct regular inspections of every food establishment . . . within Shelby County" at intervals set by TDA. (Id.) The contract requires Shelby County to train inspectors according to a TDA curriculum within a specified time after hiring, dictates the inspectors' methods, and gives TDA the right to audit up to ten percent of Shelby County inspectors a year. (Id. at 453.)

In October 2015, Towns and a fellow inspector, Lillie Roberts, were selected to be audited by TDA. (Id. at 454.) The audit occurred on October 13, 2015. (Id.) On October 27, 2015, Towns received an email containing his and Roberts's individual

audit results. (Id.) In a report attached to the email, the TDA auditor called Roberts a "true asset to the program," said Towns failed the audit, and requested an action plan from Shelby County detailing the remedial training that Shelby County would give Towns. (Id.) On October 28, 2015, Towns was informed that he could no longer conduct inspections and had to attend remedial training. (Id. at 455.)

On November 9, 2015, Towns filed a charge of sex discrimination and retaliation with the EEOC. (Id.) In the EEOC charge, Towns said "[TDA] indicated that I failed an audit and a female employee did not. I believe that my employer told the State agency's auditor of my previous complaints of discrimination." (Id.)

On August 18, 2017, Towns filed this pro se complaint against TDA, which he amended on August 25, 2017. (ECF No. 1, 9.) He alleges that he suffered employment discrimination based on sex and race and that Shelby County retaliated against him for protected activity under Title VII, 42 U.S.C. § 200e-16. (See generally id.)

## II. Standard of Review

### A. Report and Recommendation

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district-court duties to magistrate judges. See United States v. Curtis,

237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003).

For dispositive matters, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review -- under a de novo or any other standard -- those aspects of the report and recommendation to which no objection is made. See Arn, 474 U.S. at 150. The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. See id. at 151.

**B. Summary Judgment**

Under Federal Rule of Civil Procedure 56, on motion of either party, the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must show that the nonmoving party, having had sufficient opportunity for discovery, lacks evidence to support an essential element of his

4

case. See Fed. R. Civ. P. 56(c)(1); Peeples v. City of Detroit, 891 F.3d 622, 630 (6th Cir. 2018).

When confronted with a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine dispute for trial. See Fed. R. Civ. P. 56(c). "A 'genuine' dispute exists when the plaintiff presents 'significant probative evidence' 'on which a reasonable jury could return a verdict for her.'" EEOC v. Ford Motor Co., 782 F.3d 753, 760 (6th Cir. 2015) (en banc) (quoting Chappell v. City of Cleveland, 585 F.3d 901, 913 (6th Cir. 2009)). The nonmoving party must do more than simply "show that there is some metaphysical doubt as to the material facts." Lossia v. Flagstar Bancorp, Inc., 895 F.3d 423, 428 (6th Cir. 2018) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). The nonmovant must identify specific evidence in the record that would be sufficient to justify a trier of fact's decision in the nonmovant's favor. See Fed. R. Civ. P. 56(c)(1); Hanson v. Madison Cty. Det. Ctr., 736 F. App'x 521, 527 (6th Cir. 2018).

Although summary judgment must be used carefully, it "is an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action[,] rather than a disfavored procedural shortcut."

FDIC v. Jeff Miller Stables, 573 F.3d 289, 294 (6th Cir. 2009) (internal quotation marks and citations omitted).

**III. Analysis**

**A. Timeliness**

TDA argues that the Court should not consider Towns's objections because they are untimely. (See ECF No. 54 at 477.) The Report was docketed on February 21, 2019. (ECF No. 52.) The time to object expired fourteen days later on March 7, 2019. Towns filed his objection on March 8, 2019. (ECF No. 53.) Ordinarily, the failure to timely object waives the right to de novo review by the district court. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981); Arn, 474 U.S. at 149-50.

At its discretion, a district court may nonetheless consider a late-filed objection to a report and recommendation. See, e.g., Cross v. Comm'r of Soc. Sec., No. 1:07-cv-1260, 2008 WL 5071714, at *2 (W.D. Mich. Nov. 24, 2008). The waiver rule "is non-jurisdictional and may be excused 'in the interests of justice.'" Barnes v. Mich. Dep't of Corr., No. 18-1410, 2018 WL 4899100, at *1 (6th Cir. July 17, 2018) (quoting Arn, 474 U.S. at 155). Given Towns's pro se status and the delay of only one day, the Court will excuse Towns's failure to timely object.

**B. Proper Standard Under Title VII**

Towns argues that the Report mistakenly applies the "joint-employer" test to determine his employment status. (ECF No. 53 at 472-73.) He contends that the common-law agency test is the correct standard. (See id.) In the Report and Recommendation on TDA's Motion to Dismiss, the Magistrate Judge determined that "the common law agency test articulated in [Nationwide Mutual Insurance Co. v. Darden, 503 U.S. 318 (1992),] . . . is the appropriate test to apply to determine whether Towns would qualify as TDA's employee . . . ." (ECF No. 24 at 227.) In the instant Report, the Magistrate Judge concluded that the joint-employer test should be used. (Report, ECF No. 52 at 464.)

Title VII prohibits employers from discriminating against "any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1). Title VII also prohibits employers from retaliating against their employees or applicants for employment "because [they] ha[ve] opposed any practice made an unlawful employment practice by [Title VII], or because [they] made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." Id. § 2000e-3(a). The existence of an employment relationship between Towns and TDA is a necessary element of Towns's Title

VII claims. See id. § 2000e-2(a); Morris v. Oldham Cty. Fiscal Ct., 201 F.3d 784, 795 (6th Cir. 2000).

The Sixth Circuit has applied both the common-law agency test and the joint-employer test to determine whether a plaintiff is an employee within the meaning of Title VII. See Shah v. Deaconess Hosp., 355 F.3d 496, 499–500 (6th Cir. 2004) (common-law agency test); Bryson v. Middlefield Volunteer Fire Dep't, Inc., 656 F.3d 348, 353 (6th Cir. 2011) (common-law agency test); Sanford v. Main Street Baptist Church Manor, Inc., 449 Fed. App'x 488, 491 (6th Cir. 2011) (assuming in dicta that the Sixth Circuit recognizes a joint-employer theory); E.E.O.C. v. Skanska USA Bldg., Inc., 550 F. App'x 253, 255 (6th Cir. 2013) (joint-employer test).

The joint-employer test has a narrower application than the common-law test. The joint-employer test applies when two independent entities simultaneously employ certain workers to carry out the entities' interrelated business activities. See Elkin v. McHugh, 993 F. Supp. 2d 800, 806 (M.D. Tenn. 2014). If an entity is not a plaintiff's direct employer, it may still be liable "under Title VII pursuant to a joint-employer theory." Skanska, 550 F. App'x at 256. Entities are joint employers if they "'share or co-determine those matters governing essential terms and conditions of employment.'" Id. (quoting Carrier Corp. v. NLRB, 768 F.2d 778, 781 (6th Cir. 1985)). The major factors

8

in this determination are the ability to hire, fire, discipline, affect compensation and benefits, and direct and supervise work. See id.; Sanford v. Main St. Baptist Church Manor, Inc., 449 F. App'x 488, 495 (6th Cir. 2011).

TDA and the Shelby County Health Department cooperate to carry out food safety inspections in Shelby County. (See Report, ECF No. 52 at 453.) It is undisputed, however, that Towns is directly employed by Shelby County, not TDA. (Id. at 464.) TDA's liability under Title VII depends on whether it meets the definition of a joint-employer.

The Magistrate Judge applied the correct standard to determine Towns's employment status. Towns's objection to the standard applied in the Report is OVERRULED.

**C. Towns's Remaining Objections**

The Court understands the second section of Towns's objection memorandum to make three arguments: (1) TDA has failed to produce sufficient evidence to warrant summary judgment in its favor; (2) the Magistrate Judge's recommended legal conclusions on TDA's earlier Motion to Dismiss conflict with the Report; and (3) the caselaw addressing employment status under Title VII is unsettled and thereby constitutes a genuine dispute of material fact precluding summary judgment. (See ECF No. 53 at 473–74.)

9

Towns's primary argument appears to be that TDA failed to cite sufficient evidence warranting summary judgment in its favor. (See ECF No. 53 at 473.) Towns contends that TDA "failed to provide evidence disputing [Towns's] allegations . . . ." (Id. at 473-74.) Towns misunderstands the standard for summary judgment. To succeed at this juncture, TDA must show that there "is no genuine dispute as to any material fact" and that it "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be genuinely disputed must support that assertion by: "(A) citing to particular parts of material in the record . . .; or (B) showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B). TDA need not affirmatively disprove Towns's allegations. TDA cited to the TDA-Shelby County contract, Towns's deposition, and other materials to show that no employment relationship existed between Towns and TDA. (See ECF No. 43 at 298-99.) TDA argued that the absence of an employment relationship entitles it to a judgment as a matter of law. (Id.) The Magistrate Judge determined that TDA had met its burden as the party moving for summary judgment. The Court agrees.

Once TDA had met its burden to show that there were no issues precluding summary judgment, the burden shifted to Towns to show that there was a genuine issue of fact remaining for

trial. The party opposing summary judgment must set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c). The Magistrate Judge concluded that Towns had failed to carry his burden in opposing summary judgment. Towns's objection to the Report on the grounds that TDA failed to produce evidence rebutting Towns's allegations is OVERRULED.

Towns argues that summary judgment for TDA is improper because of an alleged conflict between the Magistrate Judge's earlier Report and Recommendation on TDA's Motion to Dismiss and the instant Report. The earlier Report recommended that, based on Towns's Amended Complaint and the documents attached to it, Towns had plausibly pled he was an employee of TDA. (See ECF No. 24 at 223-29.) The instant Report, however, recommends that summary judgment is appropriate because Towns has never been an employee of TDA. (See ECF No. 52 at 464-68.) Towns argues that the different outcomes are inconsistent because the Magistrate Judge considered the TDA-Shelby County contract at both stages. He contends that it is illogical to conclude that the provisions of the contract are sufficient to state a claim for Title VII liability against TDA, but that the same contractual provisions are insufficient to raise a genuine issue of material fact.

Although Towns alleged sufficient facts to withstand a motion to dismiss, it does not follow that his claims will

11

survive a motion for summary judgment.  As the Magistrate Judge explained, "[a]t the summary judgment stage, Towns may no longer rely on the allegations in his complaint and must instead point to specific evidence supporting these allegations."  (ECF No. 52 at 468 n.6.)  The Magistrate Judge concluded that the TDA-Shelby County contract and the other evidence submitted by Towns did not raise a genuine dispute of fact about whether Towns was an employee of TDA.  There is no inconsistency between the Magistrate Judge's Reports.  Towns's objection on that basis is OVERRULED.

Towns argues that TDA's Motion for Summary Judgment should be denied because there is "increasing dispute and indecisiveness" in the caselaw addressing employment status under Title VII.  (ECF No. 53 at 474.)  Towns's argument is not well-taken.  Assuming uncertainty exists in this area of the law, it is appropriate for the Court to determine the applicable law at the summary judgment stage.  The question of what constitutes the applicable law in this case is a purely legal matter, not a genuine issue of material fact for trial.  Towns's objection on that ground is OVERRULED.

### IV. Conclusion

For the foregoing reasons, Towns's objection is OVERRULED.  The Report is ADOPTED.  TDA's Motion for Summary Judgment is GRANTED.

So ordered this 14th day of March, 2019.

    /s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE